UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLY JOE GERST<br><br>Plaintiff,<br><br>v.<br><br>CANYON COUNTY JAIL, CANYON COUNTY SHERIFF'S OFFICE<br><br>Defendants. | Case No. 1:17-cv-286-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court are Defendants' unopposed Motion for Summary Judgment (Dkt. 19) and Motion for Relief Pursuant to Local Rule 7.1(e)(2) (Dkt. 23). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented and oral argument is unnecessary. *See* Loc. Civ. R. 7.1(d)(2)(ii).

When Plaintiff Billy Joe Gerst filed this complaint against Defendants Canyon County Jail and the Canyon County Sheriff's Office he was incarcerated at the Ada County Jail. Dkt. 12 at 3. Mr. Gerst alleges he received inadequate medical care for an ankle injury while housed at the Canyon County Jail awaiting placement between March and August, 2015. Dkt. 9 at 1-2. Mr. Gerst did not name any individual defendant in his Amended Complaint who personally failed to provide him adequate medical care. *See Id.* In its initial § 1915A screening the Court advised Mr. Gerst that, "within 120 days after

the Sheriff has filed an answer, Plaintiff will have to amend his Complaint (1) to state the true names of the individual defendants who caused his injuries (including supervisory liability for the Sheriff, if facts exist to support such a claim), or (2) state additional facts showing that the alleged violations were the result of a policy, custom, or practice of the municipality." Dkt. 4 at 12. Defendants filed an answer on August 21, 2018. Dkt. 17. To date, Mr. Gerst has not amended his complaint to add any individual defendants, so the Court will assess whether his claim can survive summary judgment. For the reasons that follow the Court concludes that it cannot.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, this Court must "view[] the facts in the non-moving party's favor." Id. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. Accordingly, this Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather, the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that preclude summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

As the court pointed out in its Initial Review Order, it will treat the complaint as an attempt to hold the municipality of Canyon County liable because Mr. Gerst has not named any individuals as defendants. To maintain a civil rights suit against a government municipality, a plaintiff must state facts meeting the test articulated in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978). *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). *Monell* lays out the elements of a § 1983 claim against a municipality as follows: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

A moving party who does not bear the burden of proof at trial may show that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex* 477 U.S. at 325. Once the

moving party meets the requirement of Federal Rule of Civil Procedure 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). It is not enough for the non-moving party to rest on mere allegations or denials in his pleadings. *Id.* at 256. Genuine factual issues must exist that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Id*. at 250. When determining if a genuine factual issue exists, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability. *Id*. at 254. The mere existence of a scintilla of evidence in support of a plaintiff's position would be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*. at 252. Furthermore, Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

    i.    *Defendants' Motion Under Local Rule 7.1*

In this case, Defendants' Motion for Summary Judgment should be granted on both procedural grounds and on the merits. With respect to the former, the Court's Notice

to pro se litigants explained to Mr. Gerst what a motion for summary judgment is, and how and when he was required to respond to Defendants' motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving part as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). See Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 22, at 2 (emphasis in original).

Mr. Gerst has not yet responded to Defendants' Motion for Summary Judgment.

Idaho District Local Rule 7.1 outlines:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Idaho Dist. Loc. R. 7.1(e)(2).

Accordingly, pursuant to this Court's Notice to Mr. Gerst, as well as Local Rule 7.1, Mr. Gerst's failure to timely respond to Defendants' Motion for Summary Judgment is deemed acquiescence to the facts alleged in their motion. The Court thus considers Defendants' Statement of Facts as undisputed for purposes of their Motion for Summary

Judgment.

    ii.    *Mr. Gerst Fails to Raise Evidence of an Element Essential to His Claim*

As the Court outlined in its Initial Review Order, Mr. Gerst needed to amend his complaint to make out a claim that the alleged federal constitutional violations resulted from an official custom, policy, or a failure to train on the part of Canyon County. Dkt. 4 at 12. Mr. Gerst has not brought forth any evidence that Canyon County failed to train its employees, or pointed to any custom or policy that could have caused the constitutional violations he alleges. *See* Dkt. 9. Nor has Mr. Gerst amended his complaint as prompted by the Court. Without any further evidence from Mr. Gerst, whether through an amended pleading or in response to Defendants' Motion for Summary Judgement, the Court finds that Mr. Gerst has failed to make a showing that would establish the existence of an element essential to his civil rights claim on which Mr. Gerst bears the burden of proof at trial. *See Celotex*, 477 U.S. at 322. Accordingly, the Court will grant summary judgment on behalf of Defendants.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. Defendants' Motion for Relief Pursuant to Local Rule 7.1(e)(2) (Dkt. 23) is GRANTED.

2. Defendants' Motion for Summary Judgment (Dkt. 19) is GRANTED. The Court shall issue a separate judgment as required by Rule 58(a).

DATED: March 27, 2019

B. Lynn Winmill
U.S. District Court Judge